IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

| | |
|---|---|
| BILLIE M. HUBBARD, III, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>DALLAS PLATING, INC and )<br>GLEN MONTCALM, )<br>)<br>Defendants. ) | CIVIL ACTION FILE NO.<br>3:17-cv-136-TCB<br><br>JURY TRIAL DEMANDED |

# COMPLAINT

Plaintiff Billie M. Hubbard, III ("Plaintiff"), bring this complaint against Dallas Plating, Inc. and Glen Montcalm for damages and other relief for violations of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"). Plaintiff has worked for Defendants as a metal refinisher for over eleven years. The majority of that time he was classified as an employee. However, several years ago Defendants reclassified him as an independent contractor, even though his job duties did not change. Plaintiff was not paid overtime, even though he averaged approximately 55 hours of work per week.

# THE PARTIES

## 1.

Plaintiff is a resident of Dallas, Georgia and has been employed as a metal refinisher by Defendants for over eleven years.

1

**2.**

Defendant Dallas Plating is a domestic for-profit corporation with its principal place of business at 109 Old Cartersville Road, Dallas, Georgia 30132-2302. Defendant Dallas Plating is engaged in interstate commerce and upon information and belief, has annual sales made or business done in excess of $500,000. At all relevant times, Defendant Dallas Plating is, and has been an employer engaged in interstate commerce within the meaning of the FLSA, 29 U.S.C. § 203(d). Moreover, Plaintiff was engaged in work constituting engagement in interstate commerce or work relating thereto.

**3.**

Defendant Montcalm is the owner and chief officer of Defendant Dallas Plating. Defendant Montcalm had responsibility for determining Plaintiff's compensation and classification as an independent contractor.

## JURISDICTION AND VENUE

**4.**

This Court has jurisdiction of this action pursuant to 28 U.S.C. § 1331.

**5.**

Venue is proper in this district and division pursuant to 28 U.S.C. § 1391 because Defendant Dallas Plating resides at 109 Old Cartersville Road, Dallas, Georgia 30132-2302.

## **STATEMENT OF FACTS**

**6.**

Plaintiff was employed as a metal refinisher by Defendants.

**7.**

Several years ago, Defendants changed Plaintiff's employment status from employee to independent contractor. After the change, Plaintiff's job duties remained the same.

**8.**

Plaintiff was wrongly classified as an independent contractor, and he should have been paid overtime.

**9.**

Plaintiff's day to day activities and schedules were/are under the control and direction of Defendants.

**10.**

Defendants assign Plaintiff tasks and even prioritize what tasks he is to work on.

**11.**

Plaintiff has no opportunity for loss in his job.

**12.**

Plaintiff is paid a percentage of each project he works on and does not know how the profits are determined on those projects.

**13.**

Defendants provide all of the equipment needed and personnel related to Plaintiff's work for Defendants.

**14.**

The service that Plaintiff is providing is at the core of what Dallas provides to its customers.

## COUNT I
## FLSA OVERTIME VIOLATIONS

**15.**

Plaintiff incorporates by reference Paragraphs 1 through 14 as if fully set forth herein.

**16.**

At all times relevant herein, Defendants operated a willful scheme to deprive Plaintiff of overtime pay.

**17.**

Defendants did not keep accurate records of all of the hours worked by

Plaintiff.

**18.**

Upon information and belief, Defendants failed to preserve records relating to Plaintiffs' and similarly situated individuals' work hours as required by 29 C.F.R. § 516.2.

**19.**

Defendants willfully engaged in a pattern of violating the FLSA within the meaning of 29 U.S.C. § 255.

**20.**

Plaintiff is entitled to back pay for overtime, liquidated damages and attorneys' fees and costs incurred in connection with this claim.

**WHEREFORE** Plaintiff requests judgment in its favor on each count in this Complaint and demands:

1. A Jury Trial;

2. Judgment in Plaintiff's favor and against Defendants under all claims in this Complaint;

3. Order Defendants to make whole Plaintiff by providing him with out-of-pocket losses as well as back pay in an amount equal to the sum of wages,

salary, employment benefits and other compensation denied or lost as a result of Defendant's unlawful acts, together with interest thereon, all in an amount to be proven at trial;

4. Statutory damages and penalties under the FLSA;

5. Grant Plaintiff liquidated and punitive damages for Defendants' willful and intentional violations;

6. Grant Plaintiff his reasonable attorney's fees and all other fees and costs associated with this action;

7. Prejudgment interest; and

8. Such other and further relief as is just and proper.

This 25th day of September, 2017.

                                        */s/ James M. McCabe*
                                        James M. McCabe
                                        Georgia Bar No. 724618
                                        The McCabe Law Firm, LLC
                                        3355 Lenox Road
                                        Suite 750
                                        Atlanta, GA  30326
                                        Office: (404) 250-3233
                                        Fax: (404) 400-1724
                                        jim@mccabe-lawfirm.com

                                        Attorney for Plaintiff